# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSE CANO, Reg. No. 34375-177 | * | |
| | * | |
| PETITIONER, | * | |
| v. | * | |
| | * | No. 2:11-cv-00001-SWW-JJV |
| T. C. OUTLAW, Warden, FCI Forrest City, Arkansas | * | |
| | * | |
| | * | |
| RESPONDENT. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     BACKGROUND**

Jesse Cano was arrested in San Angelo, Texas on March 19, 2006. (Doc. 8-1 at 7.) At that time, he was on probation for a state conviction in the 249th Judicial District in Cleburne, Texas (case no. F-35887) and was awaiting trial on a criminal charge in Johnson County Court, Cleburne, Texas (case no. M2005-02642). (Doc. No. 8-1 at 20.) On July 27, 2006, Mr. Cano pleaded guilty to a new federal charge[1] in the United States District Court for the Northern District of Texas. On October 20, 2006, he was sentenced to 87 months federal imprisonment, to run consecutive to any state sentences in case nos. F-35887 or M2005-02642. (Doc. No. 8-1 at 13.)

The United States Marshal Service transferred custody of Mr. Cano to Johnson County, Texas, on November 17, 2006. (Doc. No. 8-1 at 18.) On January 9, 2007, he was sentenced to six months for revocation of probation in case no. F-35887. (Doc. No. 8-1 at 20.) Additionally, he received a one month and twenty-four days sentence in case no. M2005-02642 (*Id.*), with these state

---

[1] Transporting illegal aliens for private financial gain and aiding and abetting under 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(i), and 18 U.S.C. § 2. *United States v. Castro-Garcia et al.*, No. 6:06cr00013-C-BG (Doc. No. 79).

sentences to run concurrently. (*Id.*) For his state sentence, Mr. Cano was credited for time served between September 27, 2006, the date on which county prosecutors filed a Motion to Revoke Community Supervision, to January 9, 2007, the date his sentences in case nos. F-35887 and M2005-02642 began to run.[2] (Doc. No. 15-1 at 5.)

Mr. Cano began serving his federal sentence on April 25, 2007. (Doc. No. 8-1 at 27.) However, the United States Marshal Service did not transport Mr. Cano from the state facility until April 26, 2007. (Doc. No. 8-1 at 18.) On November 8, 2010, Mr. Cano filed the instant Petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas. (Doc. No. 1.) Given that he was housed at Federal Correctional Institution Forrest City, Arkansas, the Texas court transferred Mr. Cano's Petition to this Court. (Doc. No. 4.)

**II. DISCUSSION**

Under 18 U.S.C. § 3585, a term of imprisonment begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A defendant will receive credit towards a federal sentence for time in "official detention" before the start of the sentence "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Here, Mr. Cano argues he is entitled to credit for the time that elapsed between March 14, 2007 (the date on which his state sentence was complete) and the date he returned to federal custody.

---

[2]Lisa Powell, Assistant District Attorney for the 11th and 249th Judicial Districts, stated in a letter to Rob Martinez at the Designation and Sentence Computation Center that Mr. Cano was given credit for this time despite the fact that no detainer was pending. (Doc. No. 15-1 at 5.)

(Doc. No. 1.) Respondent admits the initial Bureau of Prison (BOP) sentence computation did not credit Mr. Cano for this time and states it has amended the computation to include this credit. (Doc. Nos. 15.) Given that Mr. Cano has received the relief sought, his claim is now moot. *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008).

Respondent also states, "It should be noted that during the review of the additional state sentence documentation, BOP staff discovered another jail credit award error." This matter is not before the Court. If Petitioner believes he was wronged by this perceived "error," he may seek redress through filing a new Petition for Writ of Habeas Corpus.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Cano's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

DATED this 24th day of April, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE